# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Tevin J. Manigo, )<br>)<br>               Plaintiff, )<br>)<br>vs. )<br>)<br>Sheriff Carter Weaver; Lt. Shirley )<br>Anderson; Lt. Brittany Keefner; )<br>Director Neil Johnson; Clark Ard; )<br>George Pack; City of Georgetown, )<br>)<br>               Defendants. ) | Civil Action No. 1:23-cv-00925-TMC<br><br>**ORDER** |

Tevin J. Manigo ("Plaintiff"), proceeding *pro se*, brought this action against the above-named Defendants on March 7, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. On March 16, 2023, the magistrate judge assigned to this case issued orders identifying deficiencies in the complaint and permitting the Plaintiff the opportunity to amend his complaint and bring the case into proper form. (ECF No. 6,7). On March 31, 2023, the orders were returned as undeliverable. (ECF No. 9). The return envelope stated, "Return to Sender (No longer at this facility)." *Id.* This left the court and the Defendant's with no means of contacting the Plaintiff concerning the case. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action with prejudice. (ECF No. 10). The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 11). Like the magistrate judge's orders that were issued prior to the Report, the mailed Report was returned as undeliverable. (ECF No. 14). The returned envelope again stated, "Return to Sender (No longer at this facility)." The returned Report advised Plaintiff of his right to file specific

1

objections to the Report. (ECF No. 10 at 3). Plaintiff has filed no objections, and the time to do so has now run. Accordingly, this matter is ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No.10), which is incorporated herein by reference. Accordingly, Plaintiff's action is **DISMISSED with prejudice.** [1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 16, 2023

---

[1] The Complaint Form that Plaintiff signed contained the following certification: "I agree to provide the Clerk's Office where case-related papers may be served. I understand that my failure to keep a current address on file wit the Clerk's Office may result in the dismissal of my case." (ECF No. 1 at 11). Plaintiff signed and dated the form directly under that certification. Accordingly, the court finds that Plaintiff was aware of his duty to keep the court informed of his address, despite having not received any of the proper form orders or the Report in this case.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.